**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | | |
|---|---|---|
| TALIDEEN DAVENPORT | ) | |
| ADC # 138645 | ) | |
|     Petitioner, | ) | **Case No. 5:14-CV-00146 DPM-JTK** |
| v. | ) | |
| | ) | |
| RAY HOBBS, Director, Arkansas | ) | |
| Department of Correction | ) | |
|     Respondent. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Talideen Davenport. (Doc. No. 2). After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

## Background

On April 17, 2007, Petitioner was convicted of capital murder and three counts of unlawfully discharging a firearm from a vehicle by a Pulaski County (Arkansas) jury. He was automatically sentenced to life imprisonment without parole for the capital murder conviction because the prosecution had waived the death penalty. Ark. Code § 5-10-101(c)(1).  The court, rather than the jury, also sentenced Petitioner to a concurrent term of thirty-years' imprisonment for the unlawful discharge convictions and to a single, consecutive term of fifteen years for a firearm enhancement. Petitioner's direct appeal argued that the prosecution had failed to present

substantial evidence that he was the shooter, but the Arkansas Supreme Court affirmed his conviction on March 20, 2008. *Davenport v. State*, 373 Ark. 71, 281 S.W.3d 268 (2008).

On May 8, 2008, Petitioner sought relief pursuant to Ark. R. Crim. Pro. 37, raising ten ineffective assistance of counsel claims. The circuit court denied his petition on October 29, 2008, in an order that did not appropriately explain its rationale. The Arkansas Supreme Court then reversed and remanded the case with instructions to correct this deficiency. *Davenport v. State*, 2011 Ark. 105 (per curiam).

The circuit court denied postconviction relief again on September 11, 2012, and Petitioner's only argument on appeal was that the lower court erred by denying relief for his arguments concerning the judge's choice to decide sentencing for the unlawful discharge convictions and the firearm enhancement. The Arkansas Supreme Court subsequently affirmed the denial of relief. *Davenport v. State*, 2013 Ark. 508.

### Discussion

Petitioner argues that he is entitled to relief pursuant to 28 U.S.C. § 2254 because 1) he received ineffective assistance of counsel when counsel failed to object to the in-court identification by unspecified witnesses, 2) he received ineffective assistance of counsel when counsel failed to secure his waiver of jury sentencing on the firearm enhancement, 3) he received ineffective assistance of counsel when counsel failed to investigate and present the testimony of two unspecified witnesses, 4) he was denied due process when counsel informed the jury during voir dire that Petitioner was a felon, and 5) he was denied due process when the trial court failed to sua sponte order a competency evaluation (and that counsel was ineffective for requesting one). However, his claims fail because they are procedurally defaulted and without merit.

## I.    Procedural Default

All but Petitioner's second claim are procedurally defaulted. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Petitioner failed to present any of his arguments for one *complete* round of review by the state courts, so his claims are procedurally defaulted. His first claim was not raised at the trial level and his third, fourth, and fifth claims were not presented to the Arkansas Supreme Court during postconviction review. Petitioner has failed to establish cause or prejudice for his defaults, so his claims are denied. The Court also finds that these claims are conclusory and without merit.

## II.    Ineffective Assistance of Counsel

The only remaining claim alleges that trial counsel was ineffective for failing to secure Petitioner's waiver of jury sentencing on the firearm enhancement. This claim is without merit. In order to succeed on an ineffective assistance of counsel claim, a petitioner must show both that 1) his counsel provided deficient assistance and 2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, he must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. This means showing "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Courts must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.* at 689. With respect to prejudice, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693.

An ineffective assistance claim in the federal habeas context is doubly difficult because courts must "take a 'highly deferential' look at counsel's performance through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). Section 2254(d) dictates that federal courts may only overturn a state adjudication through habeas if it resulted in a decision that was 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or 2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"A state court decision is 'contrary to' clearly established federal law if it reaches a conclusion opposite that of the Supreme Court on a question of law, or reaches a decision contrary to the Supreme Court on materially indistinguishable facts." *Arnold v. Dormire*, 675 F.3d 1082, 1085 (8th Cir. 2012) (citing *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). "A state court decision involves an 'unreasonable application' [of federal law] when it identifies the correct legal rule, but unreasonably applies it to the facts. 'A state court's application of clearly established federal law must be objectively *unreasonable*, not merely incorrect, to warrant the granting of a writ of habeas corpus.'" *Id.* (quoting *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011)) (internal citations omitted).

Petitioner has failed to demonstrate why the Arkansas Supreme Court's application of *Strickland* was unreasonable. The court correctly noted that Petitioner had completely ignored the prejudice prong when making his arguments and that both prongs are required for a claim to be successful. Thus, the court's application cannot be disturbed under § 2254.

The Court also notes that Petitioner had received a life sentence without parole, which requires "imprisonment for the remainder of his or her life." Ark. Code § 5-4-606.  Thus, it is unclear what prejudice Petitioner actually suffered as a result of the judge's decision to sentence him to an additional thirty concurrent years and fifteen consecutive years.  Petitioner has failed to explain how his sentence would be any different if he had received sentencing on the non-capital murder charges from the jury. Finally, the Court also finds that the circuit court's determination of the facts surrounding Petitioner's waiver of jury sentencing were reasonable.

### Conclusion

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice. The

relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 12th day of November, 2014.

_____
United States Magistrate Judge